UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

------------------------------------------------------x
: 
In re: : CHAPTER 7
 : 
BARBARA SIMONE : CASE NO. 21-30867 (AMN)
 : 
Debtor. : 
------------------------------------------------------x

**OBJECTION, PURSUANT SECTION 362(L)(3) OF THE BANKRUPTCY CODE, TO DEBTOR'S STATEMENTS ABOUT EVICTION JUDGMENTS AND STATEMENT CONCERNING ORDER TO APPEAR AND SHOW CAUSE**

Pursuant to section 362(*l*)(3) of Title 11 of the United States Code (such title, hereinafter, the "Bankruptcy Code"), Hudson Homes Management LLC, as agent and legal representative for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("Lessor"), creditor and party-in-interest, by and through its undersigned counsel, Neubert, Pepe & Monteith, P.C., hereby respectfully objects (the "Objection") to the Statement About Payment of an Eviction Judgment Against You, Form 101A (ECF No. 1 at p. 59, the "First Certification") and Statement About Payment of an Eviction Judgment Against You, Form 101B (*id.* at p. 60, the "Second Certification" and, together with the First Certification, collectively, the "Certifications") filed as part of debtor Barbara Simone's (the "Debtor") schedules in the above-captioned chapter 7 case (the "Case"). The Lessor further submits that the issues discussed herein are relevant to the matters set forth in the Court's Order to Appear and Show Cause concerning simultaneous bankruptcy petitions (*see* ECF No. 9, the "Order to Show Cause"). *The Lessor respectfully requests a hearing concerning its Objection within ten days pursuant to section 362(l)(3) of the Bankruptcy Code.*

The Court should enter an Order confirming that, pursuant to section 362(b)(22) of the Bankruptcy Code, the automatic stay does not operate to stay enforcement of the Lessor's

1

Summary Process Judgment (as hereinafter defined). The Debtor's First Certification does not include a representation that the Debtor has the right to cure the existing monetary default under applicable nonbankruptcy law – as required to temporarily extend the automatic stay to an eviction judgment under section 362(*l*). Indeed, the Debtor has no right to cure under state law and – even if such right otherwise existed – the lease in question is long since expired.

Alternatively, the Court should immediately dismiss this Case, as contemplated in the Court's Order to Show Cause. This Case is the second filed by this Debtor solely to delay enforcement of a summary process judgment entered April 15, 2021, in a housing case commenced in *December 2019*. The Debtor is at least $50,789 in arrears with respect to rent and use and occupancy for possession of the subject premises.

In further support of its Objection, the Lessor respectfully states the following:

## BRIEF FACTS AND PROCEDURAL HISTORY

1. On or about December 27, 2018, Lessor entered into a certain Lease Agreement (the "Lease") with the Debtor and Henry Simone ("Mr. Simone" and, together with the Debtor, collectively, the "Lessees"), whereby the Lessees rented from the Lessor a certain premises located at 22 Piscitello Drive, Branford, CT 06405 (the "Premises"). A true and accurate copy of the Lease is attached hereto as Exhibit A. The Premises is a single-family residence.

2. The term of the Lease runs from April 1, 2019 to April 30, 2020 (the "Term") and the monthly rent is $1,968.00 (the "Rent"). (*See* Lease at sections 3 and 5.)

3. The Lessees ceased paying Rent due under the Lease as of the month of August 2019 – *i.e.*, well before the onset of the Covid-19 pandemic. Except for $4,000.00 paid towards use and occupancy on or about March 6, 2020,[1] Lessees have paid Lessor neither any Rent nor any

---

[1] The amount was paid pursuant to a stipulation entered in the Summary Process Case (as

amounts for use and occupancy of the Premises since that time.

4. Because of the Lessees' continued failure and refusal to pay Rent, Lessor terminated the Lease by service of a Notice to Quit dated November 12, 2019, and served upon the Lessees on November 18, 2019 (the "Notice to Quit"). A true and accurate copy of the Notice to Quit is attached hereto as Exhibit B.

5. Lessor then commenced a summary process action to obtain possession of the Premises by service upon the Lessees on or about December 30, 2019, in a case filed January 24, 2020, in the Connecticut Superior Court, Housing Session, and docketed at NNI-CV20-6019149-S (the "Summary Process Case").

6. After numerous efforts by the Lessees to delay Lessor's prosecution of the Summary Process Case, and further delays occasioned by the Covid-19 pandemic, the Summary Process Case was tried on March 18 and April 12, 2021.

7. On April 15, 2021, the court in the Summary Process Case entered a judgment of possession in favor of the Lessor as set in the court's memorandum of decision (the "Summary Process Judgment"). A true and accurate copy of the Summary Process Judgment is attached hereto as Exhibit C. In the Summary Process Judgment, the court found, among other things, that there existed at that time a Rent arrearage in the amount of $37,013.00. The court further (and generously) exercised its equitable discretion to stay enforcement of the Summary Process Judgment for ninety days to provide the Lessees time to find new housing.

8. Following expiration of this stay in July 2021, the Lessees further sought to postpone enforcement of the Summary Process Judgment, however, on August 31, 2021, after a month and a half of further delay, the court in the Summary Process Case issued an execution to

---

hereinafter defined) continuing trial for three weeks without prejudice to the Lessor's rights.

permit enforcement of the Summary Process Judgment.

9. Two days later, September 2, 2021, prior to Lessee's eviction, the Debtor commenced her first case in this Court by filing her voluntary petition under chapter 7 of the Bankruptcy Code (case no. 21-30715, the "Prior Case").

10. In a certification filed with the Debtor's chapter 7 petition in the Prior Case, the Debtor falsely certified in the Prior Case that she had deposited with the Clerk of this Court funds amounting to 30 days' Rent (*see* Prior Case, ECF No. 1 at pp. 10-11), however, the Clerk of this Court noted that no funds had been deposited and thus entered a statement on the docket in the Prior Case confirming that the Debtor had not met the requirements of section 362($l$)(1)(A) and (B) of the Bankruptcy Code and thus the exception to the automatic stay under section 362(b)(22) of the Bankruptcy Code was in effect. (*See* Prior Case, ECF No. 5.)

11. The Meeting of Creditors pursuant to Section 341(a) of the Bankruptcy Code was to have occurred on October 15, 2021, in the Prior Case, however, the meeting was continued to November 12, 2021, at the Debtor's request, for a "medical reason." (*See* Prior Case, ECF No. 21.)

12. On September 24, 2021, upon learning of the existence of the Prior Case in this Court, the court in the Summary Process Case entered an order staying the Summary Process Case. Lessor then filed the certified docket from the Prior Case (reflecting the inapplicability of the automatic stay) in the Summary Process Case and undersigned counsel argued the bankruptcy law issue at a hearing on October 21, 2021.[2]

13. The following day, the court in the Summary Process Case entered an order (the

---

[2] Lessor is primarily represented in the Summary Process Case by separate counsel and undersigned counsel's only involvement has been to address those issues concerning the Prior Case and the Bankruptcy Code.

"October 22 Order") vacating the stay and denying what was then the Lessees' most-recent motion seeking further delay in the Summary Process Case. A true and accurate copy of the October 22 Order is attached hereto as Exhibit D.

14. In its October 22 Order, the court found that the Lessees "lack[ed] good faith" with respect to the Summary Process Case (section 5) and further found:

> [The Lessees] have provided no valid reason or good cause for this matter to be stayed again. They have been given generous amounts of time by this court to get counsel and to find alternative housing since early 2020 and they refuse to do so. This eviction matter dates back to January 2020, and it is based purely on nonpayment. The defendants have had numerous prior hearings with this court, and they continually fail to appreciate the legal issues presented. They continue to raise irrelevant issues at every hearing, and seek multiple continuances for the purpose of delaying the inevitable. In weighing the equities at this time, it is simply time for the [Lessees] to find new housing.

(*Id.* at sec. 3.)

15. On October 29, 2021, the last business day before the Summary Process Judgment was to become enforceable, the Lessees filed an Objection to Execution in the Summary Process Case seeking to still further delay Lessor's enforcement of the judgment.

16. Later that same day, the court in the Summary Process Case entered a memorandum of decision (the "October 29 Order") refusing to further postpone enforcement:

> Since its filing many months ago, this court has heard numerous hearings through 2020 and 2021 on this matter. The court has referred this to two mediation sessions on Oct. 9, 2020 and Sept. 17, 2021; and the court has conducted hearings on March 8, 2021; April 21, 2021; August 4, 2021; Sept. 17, 2021 and October 21, 2021. The court has also issued several orders and several written memorand[a] of decision from March 12, 2012 to October 22, 2021. At every juncture, the court heard the [Lessees'] arguments and found that they presented no defense to this eviction action.
>
> And, the [Lessees] have had the benefits of multiple stay orders from this court, even though they lost the summary process trial conducted on April 15, 2021 and the court stayed the execution issuance to July 12, 2021. And, the court stayed the matter further on August 5, 2021 due to a pending UniteCT application to August 26, 2021. And the court stayed the matter again due to a pending bankruptcy

5

petition by court order on Sept. 2, 2021. And finally, after hearing on Oct. 22, 2021, the court stayed the execution to November 1, 2021.

The court will not stay this execution issuance any longer.

A true and accurate copy of the October 29 Order is attached hereto as <u>Exhibit E</u>.

17. On November 1, 2021 (the "Petition Date"), the Debtor filed her voluntary petition under chapter 7 of the Bankruptcy Code commencing this Case. The Court has addressed the simultaneous pendency of this Case and the Prior Case in its Order to Show Cause, and in a similar Order to Appear and Show Cause filed in the Prior Case (*see* Prior Case, ECF No. 23).

18. Debtor included in Debtor's schedules her Certifications concerning the Premises. The First Certification represents that Debtor has deposited $1,968.00 with the Court's clerk, however, the First Certification *does not* represent that the Debtor has the right under applicable nonbankruptcy law to cure the monetary default. (*See* ECF No. 1 at p. 59.)

19. The Debtor's Second Certification false represents, under penalty of perjury, that Debtor has paid Lessor "the entire amount [Debtor] owe[s] as stated in the judgment for possession." (*Id.* at p. 60.) The Second Certification also falsely represents that the Debtor has the right under applicable nonbankruptcy law to cure the monetary default. (*Id.*)

20. Assuming the Lessees are liable for use and occupancy in an amount equivalent to the monthly Rent due under the Lease, the amount Debtor owes the Lessor is now at least $50,789 (*i.e.*, $37,013.00 as found in the Summary Process Judgment as of April 2021, plus an additional seven months of use and occupancy at $1,996.00 per month).[3]

## LAW AND ARGUMENT

21. The Court should enter an order confirming that the exception to the automatic stay

---

[3] This amount does not include late charges or interest for which the Lessees may be liable since the Summary Process Judgment and thus the full amount to cure is almost certainly even higher.

6

under section 362(b)(22) of the Bankruptcy Code for enforcement of eviction judgments (the "Post-Judgment Eviction Exception") is in effect, because the Debtor has not satisfied the requirements under section 362(*l*) of the Bankruptcy Code (the "Cure Provisions") to extend the automatic stay to the Summary Process Judgment.

22. While section 362(a) of the Bankruptcy Code generally bars creditors' efforts to collect or recover pre-petition claims and/or commence or continue judicial process, section 362(b) specifies various claims as to which the automatic stay is expressly inapplicable.

23. Among these exceptions to the automatic stay is "the continuation of any eviction … or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a Lessee under a lease or rental agreement and with respect to which the lessor has obtained" judgment of possession prior to the petition date. Bankruptcy Code at section 362(b)(22).

24. The Cure Provisions, set forth in section 362(*l*) of the Bankruptcy Code, constitute a limited, further exception to the generally applicable Post-Judgment Eviction Exception. The Cure Provisions provide, *inter alia*, that the automatic stay may apply to a post-judgment eviction matter for 30 days following the Petition Date, provided that a debtor files with his or her bankruptcy petition a certification, signed under penalty of perjury, that: (a) under applicable state law there are circumstances that would permit the debtor to cure the entire monetary default, and further that (b) the "debtor deposited with the clerk of the court, any rent that would become due during the 30-day period after the" filing of the bankruptcy petition. *Id.* at § 362(*l*)(1). The form to provide these sworn representations is that submitted by the Debtor as Debtor's First Certification, *i.e.*, Official Form 101A.

25. The Cure Provisions further provide that, for any reprieve from the Post-Judgment

Eviction Exception to remain in effect longer than 30 days following the Petition Date, the debtor must, within the initial 30-day period, certify under penalty of perjury that the debtor has cured, under applicable non-bankruptcy law, the entire monetary default that gave rise to the eviction judgment, and again certify debtor's right to cure under applicable nonbankruptcy law. *Id.* at § 362(*l*)(2). The form to provide these sworn representations is that submitted by the Debtor as Debtor's Second Certification, *i.e.*, Official Form 101B.

26. The lessor may objection to a debtor's certification and, upon such objection, the Court "shall hold a hearing within 10 days ... to determine if the certification filed by the debtor ... is true." Bankruptcy Code at sec. 362(*l*)(3)(A).

27. Because the Debtor's First Certification failed to certify that the Debtor has the right to cure the existing monetary default under applicable nonbankruptcy law, the Debtor has failed to successfully invoke the Cure Provisions and the Post-Judgment Eviction Exception remains in effect. Debtor's submission of the Second Certification was insufficient to trigger the Cure Provisions, because the Debtor failed to successfully invoke the initial 30-day cure period. *See* Bankruptcy Code at sec. 362(*l*)(2) (provision concerning cure of entire monetary default is only effective provided debtor "complies with paragraph (1)").

28. Moreover, the Debtor is simply not entitled to cure the Lease under applicable nonbankruptcy law. Lessor terminated the Lease by service of its Notice to Quit. *See* Conn. Gen. Stat. secs. 47a-15, 47a-23. The Lease contains no provisions for cure post-termination and the Lessor never agreed to any cure.

29. The Summary Process Judgment entered more than six months ago, and the Lessees never appealed it. Rather, they engaged in a series of maneuvers in the Summary Process Case, and now in this Court, seeking to delay the inevitable enforcement of the judgment.

30. Further, in the *more than two years* since the Lessees stopped paying Rent, the Lease at issue has expired. Numerous bankruptcy courts have held that, where eviction judgments entered due to expiration of a lease, or other non-monetary default, the Cure Provisions may not be invoked. *See In re Soto*, 500 B.R. 679, 682 (Bankr. S.D.N.Y. 2013) *citing In re Griggsby*, 404 B.R. 83, 88-89 (Bankr. S.D.N.Y. 2009); *In re Harris*, 424 B.R. 44, 54 (Bankr. E.D.N.Y. 2010); *In re Alberts*, 381 B.R. 171, 177 n.5 (Bankr. W.D. Pa. 2008).

31. While the Summary Process Judgment at issue here did enter on account of the Lessees' monetary default, the same principle underpinning the foregoing cases applies here: The payment of money is insufficient to return the Lessees to a position of good standing under the Lease, when the Lease Term *expired more than eighteen months ago.*

32. Finally, the Court should take judicial notice of the Debtor's conduct in the Summary Process Case. The full docket and all filings in this case may be viewed at this hyperlink: http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=NNICV206019149S

33. As recognized by the state court, this conduct has been purely to delay the inevitable enforcement of the Summary Process Judgment and has been in bad faith. (*See* October 22 Order and October 29 Order.)

34. The Debtor has deprived the Lessor of its property and has caused the Lessor to incur substantial expense over the last two years – and it continues to do so to this day.

35. The Court should enter an Order confirming that, pursuant to section 362(b)(22) of the Bankruptcy Code, the automatic stay does not operate to stay enforcement of the Lessor's Summary Process Judgment.

36. Alternatively, the Lessor respectfully submits that the foregoing facts demonstrate that the co-existence of this Case and the Prior Case does not serve any valid bankruptcy purpose

but rather serves only to improperly delay enforcement of the Summary Process Judgment. Lessor thus supports immediate dismissal of this Case.

WHEREFORE, the Court should enter an Order confirming that, pursuant to section 362(b)(22) of the Bankruptcy Code, the automatic stay does not operate to stay enforcement of the Lessor's Summary Process Judgment, or, in the alternative, dismiss this Case, and enter such other and further relief as the Court deems just and proper.

Dated: November 3, 2021       HUDSON HOMES MANAGEMENT LLC,
New Haven, Connecticut      AS AGENT AND LEGAL
REPRESENTATIVE FOR U.S. BANK
TRUST, N.A., AS TRUSTEE FOR LSF9
MASTER PARTICIPATION TRUST

By:    */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 821-2000
plinsey@npmlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

---------------------------------------------------------x
:
In re:                                                   :    CHAPTER 7
                                                         :
BARBARA SIMONE                                           :    CASE NO. 21-30867 (AMN)
                                                         :
                                                         :
            Debtor.                                      :
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 3, 2021, the foregoing Objection was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

Dated: November 3, 2021                HUDSON HOMES MANAGEMENT LLC,
       New Haven, Connecticut          AS AGENT AND LEGAL
                                       REPRESENTATIVE FOR U.S. BANK
                                       TRUST, N.A., AS TRUSTEE FOR LSF9
                                       MASTER PARTICIPATION TRUST

                                       By:    */s/ Patrick R. Linsey*
                                              Patrick R. Linsey (ct29437)
                                              NEUBERT, PEPE & MONTEITH, P.C.
                                              195 Church Street, 13th Floor
                                              New Haven, Connecticut 06510
                                              (203) 821-2000
                                              plinsey@npmlaw.com

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Andrea M. O'Connor**    amo@fitzgeraldatlaw.com
- **U. S. Trustee**    USTPRegion02.NH.ECF@USDOJ.GOV

**Manual Notice List**

**Barbara Simone**
22 Piscitello Drive
Branford, CT 06405