Exhibit C

| | |
|---|---|
| DOCKET NO: NNICV206019149S | ORDER  439615<br>SUPERIOR COURT |
| U.S. BANK TRUST, N.A., AS TRUSTEE<br>FOR LSF9 MASTER Et Al<br>V.<br>SIMONE, BARBARA Et Al | JUDICIAL DISTRICT OF NEW HAVEN<br>    AT MERIDEN<br><br>4/15/2021 |

## ORDER

The following order is entered in the above matter:

ORDER:

MEMORANDUM OF DECISION – HOUSING SUMMARY PROCESS TRIAL

This housing matter comes to the court for decision after a summary process trial conducted on March 8, 2021 and on April 12, 2021.

Both parties appeared using the virtual civil courtroom using Microsoft Office teams application. Plaintiff is represented by counsel and the defendants are self-represented.

After review and consideration of the testimony and evidence presented by both parties, the court now renders judgment of possession for the plaintiff U.S. Bank Trust, N.A. with a stay of issuance of execution through July 12, 2021.

The court's decision is based on the following.

PROCEDURAL HISTORY

This housing matter concerns the rental of a single family home at 22 Piscitello Drive in Branford by the defendants Barbara and Henry Simone from the plaintiff U.S. Bank Trust, N.A. as Trustee for LSF9 Master [hereinafter referred to as plaintiff US Bank]. By a renewal written lease agreement dated Dec. 14, 2018, the plaintiff had rented the premises to the defendants Simone for a one year term starting April 1, 2019 to April 30, 2020 at a monthly rental of $1,968.00. Rent was due on the first of each month.

Plaintiff US Bank claims that the defendants failed to timely pay full rent due since August 2019. Plaintiff claims there is a current arrearage of $37, 013.00.

By original Complaint dated Dec. 23, 2019 with a return date of January 28, 2020, the plaintiff US Bank brought suit for summary process eviction on the basis of nonpayment. A Notice to Quit dated Nov. 12, 2019 was served on the defendant in hand on Nov. 18, 2019.

The defendants Simone filed appearances as self-represented parties and filed an Answer and Special Defense on Feb. 6, 2020. In that Answer filed Feb. 6, 2020, the defendants claim that some partial payments had been made. However, defendant Barbara Simone also stated: "I am gathering funds to pay as I sent out a full money order to bring rent current." They also claim that they had certain remediation issues at the house during 2018 after a flood, and due to pool and septic system issues.

Plaintiff then filed an Amended Complaint as of Feb. 26, 2020, in which it asserted two counts seeking summary process relief based on nonpayment and on lapse of time. Plaintiff indicated at trial that it was proceeding with this eviction trial on the count based on nonpayment.

Before trial, the matter was referred to mediation with the housing specialist on Oct. 20, 2020, and mediation was not successful.

At trial on March 18, 2021 and on April 12, 2021, the plaintiff US Bank has submitted the following evidence along with the testimony of Katie Guillen, as representative of Hudson Homes Management (agent for the plaintiff in New England): (1) Exhibit 1 – Lease Agreement dated Dec. 14, 2018; (2) Exhibit 2 – Copy of check dated Sept 20, 2019 for $3,786.00 from the Simones to WRI Property Management; (3) Exhibit 3 – Resident Ledger dated March 8, 2021; and Exhibit 5 – WRI Property Management Ledger dated April 13, 2020. [NOTE that plaintiff's Exhibit 4 for ID was not offered into evidence, it was updated by Exhibit 5.)

The defendants Simone presented the following evidence along with their testimony. The defendant Barbara Simone submitted Exhibit A – CDC Declaration dated April 11, 2021. They also filed a Housing Code Enforcement claim dated April 12, 2021 at Entry # 117; but the court has to strike that pleading as improper, as it is NOT legally permissible. Filing such a document in an ongoing eviction brought for nonpayment is not permitted by the Connecticut housing statutes.

GENERAL STANDARD OF REVIEW

In general, when cases are tried to the court, "the [fact finding] function is vested in the trial court with its unique opportunity to view the evidence presented in the totality of circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties ..." (Internal quotation marks omitted.) Cavolick v. DeSimone, 88 Conn. App. 638, 646, 870 A.2d 1147, cert denied, 274 Conn. 906, 876 A.2d 1198 (2005). "It is well established that in cases tried before courts, trial judges are the sole arbiters of the credibility of witnesses and it is they who determine the weight to be given specific testimony ... It is the quintessential function of the fact finder to reject or accept certain evidence ..." (Internal quotations omitted.) In re Antonio M., 56 Conn. App. 534, 540, 744 A.2d 915 (2000). "The sifting and weighing of evidence is peculiarly the function of the trier [of fact]." Smith v. Smith, 183 Conn. 121,123, 438 A.2d 847 (1981).

The Connecticut housing statutes at Section 47a-15a, et seq. allows a landlord to prevail on a claim for nonpayment of rent, if the plaintiff must establish, by a fair preponderance of the evidence, the following essential elements:(1) a rental agreement; (2) that the plaintiff is the lessor or owner of the premises; (3) the address of the subject premises; (4) the amount of rent due to the plaintiff from the defendant; (5) when the rent was due to the plaintiff; (6) the date of nonpayment; (7) the service of the notice to quit, and its service date and termination date; and (8) that the defendant is still in possession.

APPLICATION TO CASE AT BAR

In this action, the plaintiff US Bank proved all eight (8) elements required in this type of eviction. It proved that there was a written rental agreement at plaintiff's Exhibit 1; it proved that US Bank is the lessor/owner of 21 Piscitello Drive, Branford; it proved the amount of arrearage rent owed to the plaintiff is $37,013.00; it proved that nonpayment first occurred in August 2019; a valid notice to quit was served on Nov. 18, 2019; and defendants Simone are still in possession of the premises.

In defense of the claim, the defendants could not dispute any of the elements proven above. In fact, they both testified that they did withhold rental payments from the plaintiff due to some issues relative to the condition of the premises. They also admitted to never consulting an attorney before withholding rent; or to filing a housing code enforcement action to raise those issues and by paying rent due into the court. They also testified that certain of the remediation issues occurred in 2018 due to a flood before this eviction – and that they had renters insurance for which they filed a claim and obtained reimbursement for those damages. Further, even though they claim some partial payments were made, they offered no admissible evidence at trial to detail the sums paid.

This court further finds that this matter is not affected by any of the federal or state pandemic orders

halting evictions, as the eviction was brought before the federal CARES Act and state Executive Orders affected such.

Also, the court finds the defendants' filing of the CDC Declaration also does not provide them with automatic relief from this eviction. As testified to at trial, the court finds that the defendants have made no significant efforts to obtain rental relief through the state programs; and they have made no efforts to make timely partial payments – as they readily admitted that they were withholding rental sums. The court notes that the defendants seem to be under the mistaken assumption that they had some legal basis to withhold rental payments because of the alleged remediation issues.

COURT ORDER

Therefore, based on the above, the court has no choice, but to enter judgment of possession for the plaintiff US Bank. It has met its burden of proof under the housing statutes to obtain judgment of possession for nonpayment.

In weighing the equities between the parties, and the fact that this is a single family residence and both defendants are on social security disability and retired, the court issues a ninety (90) day stay of execution through July 12, 2021 allowing the Simones time to pursue alternative housing.

Also, the court urges the defendants to retain legal counsel and to pursue potential relief through the Hudson Homes Covid 19 pandemic housing relief program testified to by Ms. Guillen at the April 12, 2021 trial.

Hon. Nada K. Sizemore – Juris No. 439615

439615

Judge: NADA K SIZEMORE

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.