Exhibit D

| | |
|---|---|
| DOCKET NO.: NNI-CV 20-6019149 S : | SUPERIOR COURT |
| : | |
| U.S. BANK TRUST, N.A. AS TRUSTEE | |
| FOR LSF9 MASTER : | J. D. OF NEW HAVEN |
| : | AT MERIDEN |
| V. : | |
| : | |
| BARBARA AND HENRY SIMONE : | OCTOBER 22, 2021 |

MEMORANDUM OF DECISION REGARDING PLAINTIFF'S MOTION TO REARGUE # 136

DEFENDANTS' SIMONE MOTION FOR STAY # 130

PLAINTIFF'S OBJECTION TO MOTION FOR STAY # 137

This matter presented to the court for decision after hearing conducted on October 21, 2021 regarding the plaintiff U.S. Bank's Motion to Reargue at Entry # 136; and the related defendants' Motion for Stay at Entry # 130 and Plaintiff's Objection to the Motion for Stay at Entry # 137.

The plaintiff participated through counsel using the Microsoft Office Teams Remote Justice room; and the defendants Simone participated via audio only, without court permission, and without prior notice that they had issues using the virtual video format.

The court also heard from Attorney Patrick Linsey, who represents the plaintiff U.S. Bank N.A. in the pending Chapter 7 bankruptcy petition filed by defendant Barbara Simone in U.S. Bankruptcy Court in New Haven through Case Number 21-30715.

Plaintiff, in its Motion to Reargue, asks this court to reconsider the stay order entered on September 24, 2021, given the additional information provided regarding the status of the bankruptcy orders. Plaintiff asks this court to lift the stay and allow the execution to proceed, since judgment of possession was already granted to the plaintiff after several hearings and several prior written court decisions.

During the hearing, the court took judicial notice of the bankruptcy petition and of the case filings on that bankruptcy docket as a full Exhibit 1 during this hearing. That docket includes an "Initial Statement About an Eviction Judgment" filed on September 2, 2021. That docket entry states as follows:

Memorandum of Decision + emailed to
mailed to all parties of record       CJS

On 10/22/21 By _____

1

"See ECF No. 1. Statement incomplete. Although the debtor filed Official Form 101A, the debtor did not provide to the Clerk of the Court with the petition a deposit for any rent that would become due during the 30 day period after the filing of the petition as required by 11 U.S.C. Sections 362(1)(1) (A) and (B) and Official Form 101 A. The debtor's certification is therefore incomplete. In accordance with 11 U.S.C. Section 362 (1) (4) (B), on this date a certified copy of the docket has been sent by the Clerk of the Court to the debtor, the debtor's attorney if applicable, and the Lessor/Landlord if an address has been provided by the debtor, indicating the absence of a filed completed certification in compliance with 11 U.S.C. Sections 362 (1)(1)(A) and(B) and Form 101A, and confirming the applicability of the exception to the stay under 11 U.S.C. Section 362 (b)(22)."

After having reviewed and considered the legal argument relative to the bankruptcy issues and having weighed the long tortured history of this housing matter, the court enters the following orders:

1. The Plaintiff U.S. Bank's Motion to Reargue at Entry # 136 is GRANTED.

2. This court VACATES the stay order issued on September 24, 2021, as the bankruptcy court has no orders staying this housing summary process matter and the bankruptcy statutes provide NO relief to the defendant tenant Simone to stop the eviction process. The court's review of the bankruptcy petition filings and review of the relevant bankruptcy statutes confirms that the defendant Barbara Simone has not complied with the bankruptcy statutes – so she is NOT entitled to any stay of this state court housing matter that has already gone to judgment.

3. Also, in using its discretion allowed per General Statutes Section 47a-26i, the court DENIES the defendants' Simone Motion for Stay at Entry # 130 without the necessity of any further hearing.

The court finds that the defendants Barbara and Henry Simone have provided no valid reason or good cause for this matter to be stayed again. They have been given generous amounts of time by this court to get counsel and to find alternative housing since early 2020, and they refuse to do so. This eviction matter dates back to January 2020, and it is based purely on nonpayment. The defendants have had numerous prior hearings with this court, and they continually fail to appreciate the legal issues presented. They continue to raise irrelevant issues at every hearing, and seek multiple continuances for the purpose of delaying the inevitable. In weighing the equities at this time, it is simply time for the defendant tenants to find new housing.

4. Thus, based on the above, the court is SUSTAINING the plaintiff U.S. Bank's Objection at Entry # 137 to the defendants' Motion for Stay at Entry # 130.

5. Because of the defendants' Simone lack of good faith in this matter, the court will enter a short stay for issuance of execution to November 1, 2021, so as to allow them to make quick arrangements to vacate the premises.

BY THE COURT

Hon. Nada K. Sizemore – Juris No. 439615