**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

| | |
|---|---|
| In re:<br>    BARBARA SIMONE,<br>                    *Debtor* | Chapter 7<br>Case No.: 21-30867 (AMN)<br><br>RE: ECF Nos.: 1, 3, 16 |

**MEMORANDUM OF DECISION AND ORDER
SUSTAINING LESSOR'S OBJECTION TO
<u>DEBTOR'S INITIAL STATEMENT ABOUT AN EVICTION JUDGMENT</u>**

Before the court is debtor Barbara Simone's (the "Debtor") certification pursuant to 11 U.S.C. § 362(l)(1)[1] that, under Connecticut state law and despite a pre-petition judgment of possession (the "Judgment"), (1) she has the right to stay in real property she occupies as a residence by curing a monetary default under a lease; and, (2) she delivered certified funds to the Clerk made payable to the lessor equal to the rent that would be due during the initial 30 days of this case. ECF No. 1, pp. 3, 59; *see also* Local Bankruptcy Rule 1006-1. The owner of the real property, Hudson Homes Management LLC, (the "Lessor"), has standing to enforce the Judgment that in the absence of a bankruptcy stay may be enforced. *See,* ECF No. 41-1. As a result, the Debtor's best hope to stay the execution of the eviction Judgment is found in the procedure laid out by § 362(l). [2] The Lessor challenged the Debtor's statements regarding her entitlement to a bankruptcy stay in this case by filing an objection to the

---

[1]     Title 11, United States Code is the Bankruptcy Code. Statutory references are to the Bankruptcy Code unless otherwise noted.
[2]     The Court's website provides specific step-by-step instructions on how to file Official Form 101A, underscoring the requirements that the form must be filed with the petition and that all steps must be taken to comply. *See,* Individual Debtors Guide to Judgements of Eviction, www.ctb.uscourts.gov/individual-debtors-guide-judgments-eviction.

1

Debtor's certification and the court held a hearing on November 10, 2021, as required by § 362(l)(3)(A). During the November 10th hearing the Court's Order to Show Cause why the case should not be dismissed because the Debtor has two bankruptcy cases pending, in violation of Local Bankruptcy Rule 1017-1, was also addressed.

Since the November 10th hearing, doubt has arisen about the identity of the person who filed the bankruptcy cases and the person who participated as Barbara Simone during the hearing. *See,* Case No. 21-30715, ECF Nos. 41, 43; Case No. 21-30867, ECF Nos. 36, 38.

## Background

The Debtor's first Chapter 7 case – case number 21-31715 (AMN)(the "First Case") – was filed on September 2, 2021 (the "First Case"; the date is the "Petition Date/First Case"). This second case followed on November 1, 2021 (the "Second Case"; the date is the "Petition Date/Second Case"). [3] Two years earlier, on November 18, 2019, the Lessor served the Debtor with a Notice to Quit. ECF No. 16-3, p.1; State Court Case, Doc. 121, p.1. Immediately before the COVID-19 pandemic upended day-to-day life in early 2020, the Lessor filed a summary process complaint in state court seeking to remove the Debtor from the Property.[4] On April 15, 2021, the state court entered a judgment of possession for nonpayment in the Lessor's favor and stayed issuance of an execution of the Judgment until July 12, 2021. ECF No. 16-3, p.1; State Court Case, Doc. 121, p.1.

---

[3]   References to documents filed in the First Case are styled as "Case No. No. 21-30715, ECF No. __" and documents filed in the Second Case are styled as "ECF No. __".

[4]   *U.S. Bank Trust, N.A., as Trustee for LSF9 Master Et Al v. Simone, Barbara, et al.*, Case No. NNI-CV-206019149-S ( the "State Court Case"), Doc. 100.31, filed in Connecticut Superior Court. Hudson Homes Management LLC is an attorney-in-fact for the plaintiff in the State Court Case. ECF No. 41-1.

## The First Case

The Debtor indicated in her petition filed in the First Case in September 2021 that the Lessor had obtained a pre-petition judgment of eviction for possession of her residence, located at 22 Piscitello Drive, Branford, Connecticut (the "Property"). *See*, Case No. 21-30715, ECF No. 1, pp. 1, 3. The admission required the Debtor to also file an Initial Statement About an Eviction Judgment ("Official Form 101A") contemporaneously with the petition, which she did. Case No. 21-30715, ECF No. 1, p. 10. The Clerk noted Official Form 101A was incomplete because the Debtor failed to certify pursuant to § 362(l)(1)(A) that circumstances existed that would permit her to cure the monetary default to the Lessor. *See*, Case No. 21-30715, ECF No. 5. Also, while she certified she had provided to the Clerk the required payment equal to rent for the initial 30-day period after the Petition Date/First Case, as required under § 362(l)(1)(B), that was untrue. Case No. 21-30715, ECF No. 5. Because these mandatory conditions were not met, the automatic stay did not bar the Lessor from continuing the eviction process. The First Case remains pending, and the creditors meeting pursuant to § 341 is incomplete. ECF No. 25 at 00:35:25-00:35:59; Case No. 21-30715, ECF Nos. 29 at 00:35:25-00:35:59. [5]

  a. **The Second Case**

Approximately two months later, on November 1, 2021, the Debtor commenced this Second Case seeking to invoke a bankruptcy stay to stop the execution of the Judgment. ECF No. 1. As in the First Case, on page 3 of the voluntary Chapter 7 bankruptcy petition the Debtor indicated the Lessor had obtained a pre-petition

---

[5]     The timestamp indicates the hours, minutes, and seconds (00:00:00) for the .mp3 file publicly available at ECF No. 25 and in Case No. 21-30715 at ECF No. 29 as played on VLC Media Player.

judgment of eviction against her for possession of the Property and Official Form 101A was filed as part of the voluntary bankruptcy petition.  ECF Nos. 1, pp. 3, 59.  However, when starting the Second Case the Debtor also delivered certified funds to the Clerk made payable to the Lessor for rent that would be due during the 30-day period after the Petition Date/Second Case to the Clerk.  ECF No. 3.  The Clerk mailed the Debtor's certified funds to the Lessor. *See,* ECF No. 7.

The Debtor appeared in person at the Clerk's Office to file her Second Case petition.  Initially, she checked one of the two certification boxes on Official Form 101A and delivered the petition, Official Form 101A and other documents to the Clerk.  The Clerk's Office staff scanned the document and held it while the Debtor left the Clerk's Office to obtain the required form of funds (bank check or money order) for the required thirty (30) day rental deposit.  When the Debtor returned, she asked to see the already scanned paper petition and decided to check the second box on Official Form 101A.  The scanned copy of the initial Official Form 101A provided to the Clerk's Office is on the docket as ECF No. 1, p.59.  The Clerk is in possession of the updated copy of the paper petition which includes Official Form 101A with both boxes checked.  The Clerk's Office will docket a Notice of Filing Official Form 101A as Modified by the Debtor that includes a copy of the Official Form 101A with both boxes checked.

Because this District has a Local Bankruptcy Rule providing that a debtor may not have two bankruptcy cases pending simultaneously absent a court order, the Court issued an Order to Show Cause why one or both cases should not be dismissed and scheduled a hearing for November 10, 2021, using the video conference platform ZoomGov. . D.Conn.Bankr.L.R. 1017-1; ECF No. 9.  On November 3, 2021, the Lessor

filed an Objection to the Debtor's certification.  *See*, ECF No. 16.  During the November 10th hearing to consider both the Lessor's Objection and the court's Order to Show Cause, an individual identifying herself as Barbara Simone appeared and participated using the telephonic participation option within ZoomGov (*i.e.,* not by video) only.  *See*, ECF Nos. 9, 16 and 25.

The creditors meeting in the Second Case pursuant to 11 U.S.C. § 341 is scheduled for December 8, 2021.  *See*, ECF No. 2.

Because the court concludes the Debtor's certification as to her ability to cure and reinstate the lease in the Form 101A filed in the Second Case is untrue as a matter of law, the Lessor's Objection will be sustained.  The court reserves decision regarding any dismissal of the Second Case proposed by the Order to Show Cause.

### III. APPLICABLE LAW

#### A. Connecticut Law Determines the Debtor's Interest in the Property

Here, Connecticut state law applies to the respective rights of the Debtor as a former tenant and the Lessor as the lessor or owner of the Property.  *In re Cavaciuti*, 2009 WL 3617516, *4 (Bankr.D.Conn. Oct. 27, 2009).  The state court has already determined the Lessor served a Notice to Quit respecting the Property in November 2019, and, the Lessor is entitled to possession of the Property.  *See*, State Court Case, Doc. 121.

#### B. The Debtor Cannot Cure the Lease Default Under Applicable State Law

The District Court recently summarized the effect of service of a notice to quit under Connecticut law.

> Under Connecticut law, "[i]t is well settled that breach of a covenant to pay rent does not automatically result in the termination of a lease" but instead "gives the lessor a right to terminate the lease," which requires the lessor to "perform some unequivocal act which clearly demonstrates his intent to terminate the lease." *Getty Properties Corp. v. ATKR, LLC*, 315 Conn. 387, 407 (2015) (internal citations omitted). "Service of a notice to quit possession is typically a landlord's unequivocal act notifying the tenant of the termination of the lease," because service of such notice is a statutory prerequisite to initiation of a summary process action. *Presidential Vill., LLC v. Phillips*, 325 Conn. 394, 402 (2017) (citations omitted); *see* Conn. Gen. Stat. 47a-23. Therefore, "[s]ervice of a valid notice to quit ... terminates the lease and creates a tenancy at sufferance." *Getty Properties*, 315 Conn. at 407 (citations omitted); *see also In re Masterworks, Inc.*, 94 B.R. 262, 267 (Bankr. D. Conn. 1988) ("Upon service of [a notice to quit], the tenant's rights under the lease are extinguished ... It is therefore well settled under Connecticut law that a notice to quit terminates a lease and reduces the lessee to a mere tenant at suffer[a]nce subject to eviction by summary process if the premises are not vacated") (citations omitted).
> <u>Sakon v. A&F Main St. Associates, LLC, No. 3:20-CV-00353 (JAM), 2021 WL 165014, at *5</u>; *see also* Conn.Gen.Stat. § 47a–23.

A tenant at sufferance's only obligations are to pay the reasonable rental value of the property which is occupied in the form of use and occupancy payments and to fulfill all statutory obligations. *Sproviero v. J.M. Scott Associates, Inc.*, 108 Conn.App. 454, 462 (2008).

### 11 U.S.C. § 362(l) and the § 362(b)(22) Exception to the Automatic Stay

Generally, the filing of a petition under any chapter of the Bankruptcy Code operates as a stay of most actions by creditors against the debtor pursuant to the broad automatic stay provided by Bankruptcy Code § 362(a). However, the Bankruptcy Code provides for exceptions and there are special rules when a lessor has obtained a judgment for possession of leased premises prior to the filing of a bankruptcy case. 11 U.S.C. §§ 362(b), 362(l). The automatic stay will not come into effect upon the filing of

6

a bankruptcy petition if a landlord possesses a pre-petition judgment for possession, and, there are no "circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered." 11 U.S.C. §§ 362(b)(22), 362(l)(1)(A).  If there are circumstances permitting cure under state law, and if a debtor deposits any rent that would become due in the initial 30 days after the case commences when they file the petition, then § 362(l) provides the automatic stay will apply for that initial 30-day period.  11 U.S.C. § 362(l)(1)(B).

Thus, "[b]y its own terms, the 30-day grace period provided to debtors under § 362(l)(1) is only available to those debtors who file the necessary certification [and rent deposit] with the petition." *In re Torres*, 2021 WL 2189515, *2 (Bankr. D.Conn. May 28, 2021).  In effect, by excepting certain acts or actions regarding pre-petition eviction judgments from the automatic stay, Congress made the "automatic stay" conditional when a landlord has obtained a pre-petition eviction judgment.

A lessor may object to any certification filed under § 362(l)(1) or (l)(2). 11 U.S.C. § 362(l)(3).  If the court sustains a lessor's objection, the stay exception under § 362(b)(22) shall apply immediately and the lessor may proceed to recover possession of the property without seeking relief from the stay.  *In re Torres*, 2021 WL 2189515 at *5; *In re Good*, 2015 Bankr. LEXIS 3504 (Bankr. D.D.C. Oct. 15, 2015) (stay exception became effective upon filing of petition without a certification under § 362(l)(1)); *In re Harris*, 424 B.R. 44 (Bankr. E.D.N.Y. 2010) (amendment to petition seeking to add certification under § 362(l) filed several weeks after petition date was not effective

because stay exception under § 362(b)(22) took effect immediately upon filing of petition).

## IV. **DISCUSSION**

Here, at the beginning of the Second Case, the Debtor filed Official Form 101A certifying she was entitled to relief under 11 U.S.C. § 362(l) and tendered rent for the 30-day period with her bankruptcy petition. *See*, Case No. 21-30867, ECF Nos. 1 and 3. Regardless of whether the Debtor initially checked one box or two boxes when she filed Official Form 101A, the Debtor's certification fails because under applicable non-bankruptcy law she cannot certify there are circumstances under which she would be permitted to cure the entire monetary default giving rise to the Judgment as required by § 362(l)(1)(A).

As a matter of Connecticut law, the Debtor cannot cure the lease default. On November 18, 2019, the Lessor served the Debtor with a Notice to Quit and that act terminated the lease agreement. *See*, State Court Case, Doc. 121.  Thereafter, the Debtor only had possession of the residence and became a tenant at sufferance.  The Debtor cannot reinstate the lease because it was extinguished. This court cannot reinstate the lease.  Because of these simple facts, any certification that there are circumstances under which the Debtor would be permitted to cure the entire monetary default fails as a matter of state law.

Pursuant to § 362(b)(22), the automatic stay imposed by § 362(a) does not prevent the Debtor's Lessor from enforcing the pre-petition Judgment because the conditions of § 362(l) have not been – and cannot be – met as a matter of law.

The affidavits filed on December 1, 2021 – essentially alleging someone has been acting in the name of Barbara Simone without authority as a tenant, defendant in a summary process action and debtor before this court – do not change the legal conclusion that there is no stay and will be no stay of the Lessor's Judgment. Case No. 21-30715, ECF Nos. 41, 43; Case No. 21-30867, ECF Nos. 36, 38.

For these reasons, it is hereby

**ORDERED:** The Lessor's objection to the Debtor's Official Form 101A is sustained; and it is further

**ORDERED:** Pursuant to 11 U.S.C. § 362(b)(22), the automatic stay imposed by 11 U.S.C. § 362(a) does not arise and does not prevent the Debtor's Lessor from enforcing its pre-petition judgment for possession of 22 Piscitello Drive, Branford, Connecticut issued in *U.S. Bank Trust, N.A., as Trustee for LSF9 Master Et Al v. Simone, Barbara, et al.*, Case No. NNI-CV-206019149-S; and it is further

**ORDERED:** That, the Clerk's Office shall immediately serve upon the Lessor, a certified copy of this Memorandum and Order; and it is further

**ORDERED:** That, the Clerk shall serve this Memorandum and Order using the address indicated for Barbara Simone and Henry Simone as reflected in Case No. 21-30715, ECF Nos. 41, 43; Case No. 21-30867, ECF Nos. 36, 38.

Dated this 3rd day of December, 2021, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut